NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1120
(Interference No. 105,367)

MICHAEL J. ADANG, JOHN D. KEMP,
and EBRAHIM FIROOZABADY,

Appellants,

v.

PAUL F. UMBECK,

Appellee.

Oliver R. Ashe, Jr., ASHE, P.C., of Reston, Virginia, argued for appellants.  With him on the brief were Edward F. Kenehan, Jr. and Azy S. Kokabi.  Of counsel was Sarah S. Toomey.

Richard L. Stanley, Howrey LLP, of Houston, Texas, argued for appellee.  With him on the brief were Susan K. Knoll, Patricia A. Kammerer, and Janelle D. Waack.  Of counsel on the brief was Robert G. McMorrow, Jr., Connolly Bove Lodge & Hutz, LLP, of Wilmington, Delaware.

Appealed from:  United States Patent and Trademark Office,
                Board of Patent Appeals and Interferences

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1120
(Interference No. 105,367)

MICHAEL J. ADANG, JOHN D. KEMP,
and EBRAHIM FIROOZABADY,

Appellants,

v.

PAUL F. UMBECK,

Appellee.

_____

DECIDED: October 25, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and, KEELEY, <u>Chief District Judge</u>.[*]

PER CURIAM.

Michael J. Adang, John D. Kemp, and Ebrahim Firoozabady (collectively, "Adang") appeal from a decision of the Patent and Trademark Office's Board of Patent Appeals and Interferences, in which the Board found Adang's involved claims in Interference No. 105,367 invalid for failure to comply with the written description requirement of 35 U.S.C. § 112, ¶ 1. For the reasons given by the Board, we <u>affirm</u>.

_____

[*] Honorable Irene M. Keeley, Chief Judge, United States District Court for the Northern District of West Virginia, sitting by designation.

Adang filed application no. 08/461,240 on June 5, 1995 ("the '240 application"). As originally filed, the application listed only Michael J. Adang and John D. Kemp as inventors and was directed to plants containing "insecticidal resistance" genes. During the prosecution of the application, Ebrahim Firoozabady was added as an inventor. In 2001 the application was amended to add new claims 52, 53, and 56 through 58. On the basis of the new claims, Adang requested an interference proceeding against U.S. Patent Nos. 5,004,863 and 5,159,135 (collectively, the "Umbeck patents"). Subsequently, Adang added claims 61-63 and filed a renewed request for an interference proceeding against the Umbeck patents. The Board declared an interference on November 3, 2005. The sole count of the interference involved Adang's claim 62, which reads:

> 62. A transformed cotton plantlet selected from the group consisting of
>
> (1) a cotton plantlet transformed to contain selected foreign DNA and having a phenotype conferred by said foreign DNA by which said cotton plantlet can be distinguished from naturally-occurring cotton plantlets, and
>
> (2) descendants of said cotton plantlet having said distinguishing phenotype.

The interference also involved claim 5 of Umbeck's '135 patent, which reads:

> 5. A cotton plant comprising in the genome of at least some of its cells a foreign gene construction including promoter and control sequences effective in cotton cells, said gene construction further including a heterologous coding sequence, the foreign gene construction effective to cause expression of a detectable cellular product coded by the heterologous coding sequence in the plant cells, the cellular product selected from the group consisting of a foreign protein and a negative strand RNA.

The Board deemed that Adang's claims 52, 53, 56-58, and 61-63, and Umbeck claims 1-7 of the '135 patent and 13-15 of the '863 patent corresponded to the count. Umbeck was designated as the senior party, and Adang as the junior party.

During the preliminary phase of the interference, Umbeck moved to have Adang's involved claims ruled unpatentable for failure to satisfy the written description requirement of 35 U.S.C. § 112, ¶ 1. Umbeck argued that although Adang's involved claims included limitations for cotton plants transformed with "selected foreign DNA," the specification as originally filed only described cotton plants transformed with insecticidal resistance genes rather than any "selected foreign DNA." The Board granted Umbeck's motion. Because written description is a threshold issue, the Board held that Adang no longer had standing to continue in the interference, and it dismissed the remaining motions as moot.

On appeal, Adang first argues that Umbeck failed to present any expert testimony addressing how one of ordinary skill in the art would have interpreted the '240 application. As the Board explained, however, there is no strict requirement for extrinsic evidence (expert or otherwise) as to how one of ordinary skill in the art would view the application before the Board can determine whether the written description requirement has been satisfied. To the contrary, as we have noted, "a patent can be held invalid for failure to meet the written description requirement, based solely on the language of the patent specification." Univ. of Rochester v. G.D. Searle & Co., 358 F.3d 916, 927 (Fed. Cir. 2004); PIN/NIP, Inc. v. Platte Chem. Co., 304 F.3d 1235, 1247-48 (Fed. Cir. 2002); see also In re Curtis, 354 F.3d 1347, 1353-54 (Fed. Cir. 2004) (declarations were insufficient to overcome the substantial intrinsic evidence in the application and prosecution history).

The Board's conclusion that the '240 application's intrinsic evidence does not provide an adequate written description of the inventions in the involved claims is

supported by substantial evidence in the record. The Board issued a detailed 42-page opinion outlining its factual findings and applying the law to those findings. It went through each section of the '240 application and demonstrated how the disclosure described the transformation of plants (not just cotton) with insecticidal structural genes. Those well-documented factual findings provide substantial support for the Board's ruling.

Second, Adang argues that the Board erred in concluding that a particular reference that was cited in the specification of the '240 application was not incorporated by reference into the application. The reference in question is U.S. patent application no. 07/076,339 ("the Firoozabady application"). Adang argues that the Firoozabady application was incorporated by reference and that the material in that application, combined with other disclosures in the '240 specification, satisfied the written description requirement for the involved claims. Umbeck argues that the Board correctly concluded that the Firoozabady application was not incorporated by reference because the '240 application did not identify with particularity the specific material from the Firoozabady application that the applicants intended to incorporate. Without more specificity, Umbeck argues, the Board was correct to conclude that the brief reference to the Firoozabady application was insufficient to incorporate the entire application by reference.

In addressing this issue, the Board noted that Adang referred to the Firoozabady application as follows: "Cotton was transformed essentially as disclosed by Firoozabady, E. *et al.* (1987) Plant Mol. Biol. *10*: 105-116, and Firoozabady, E. U.S. patent application serial no. 076,339." The Board explained that "[i]t is not clear from

this sentence that Adang intended to incorporate anything from the '339 application." We agree. The '240 application used the phrase "incorporated by reference" eight times in the course of the specification. Although at the time the '240 application was filed, applicants were not required to use the phrase "incorporate by reference" in order to signal their intention to do so, Adang's choice of words in the '240 application makes clear that Adang intended to treat the Firoozabady reference differently from the references that were designated as "incorporated." The Board was therefore correct in holding that the Firoozabady application was not incorporated by reference.

Because the Firoozabady application was not incorporated by reference, we do not need to address whether inclusion of the Firoozabady application would provide sufficient written description for Adang's involved claims, or whether Adang and Kemp, the only two inventors originally named on the '240 application, can properly be considered inventors of the material disclosed in the Firoozabady application.